UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES MCBRIDE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>THE STILLWATER YACHT CLUB, et al.,<br><br>  Defendants. | Case No. 25-cv-08179-SVK<br><br>**ORDER RE PLAINTIFFS' AD INTERIM STIPULATION; GRANTING REQUEST FOR ISSUANCE OF MONITION AND TEMPORARILY ENJOINING PROSECUTION OF OTHER SUITS**<br><br>Re: Dkt. No. 3 |

Plaintiffs Charles McBride and Mulroy Bay, LLC (of which Mr. McBride is the sole member and owner) (collectively, "Plaintiffs") bring this action for exoneration from or limitation of liability under 46 U.S.C §§ 30501 *et seq.*, in connection with the grounding, attempted salvage and ultimate loss of the vessel M/V EMERALD C (the *Emerald C*). Dkt. 1 ("Compl."). Before the Court are Plaintiffs' "Ad Interim Stipulation" seeking an Order (1) setting the amount of security for a limitation fund, (2) requesting issuance of the concurrently filed Notice of Monition and (3) requesting the stay and injunction of any other proceedings commenced against Plaintiffs, the *Emerald C* or any other property that is the subject of this limitation of liability action. Dkts. 2-3 ("Notice of Monition" and "Ad Interim Stipulation," respectively). Having considered Plaintiffs' submissions and the relevant law, the Court hereby **GRANTS** Plaintiffs' requests.

"The Limitation of Liability Act 'permits a vessel owner to limit its liability to the value of the vessel and its then pending freight, provided that the loss or damage is incurred without the 'privity or knowledge' of the owner.'" *In re Matter of Stoughton*, No. 20-cv-0725-JCC, 2020 WL 2557332, at *1 (W.D. Wash. May 20, 2020) (quoting *In re Estate of Charles A. Muer*, 146 F.3d 410, 414 (6th Cir. 1998) (quoting 46 U.S.C. § 30505 (b))). "After an owner has complied with the requirements of 46 U.S.C. § 30511(b) and Supplemental Admiralty and Maritime Claims Rule

F(1), 'on application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.'" *Id.* (quoting Supp. Admir. R. F(3)). Additionally, upon compliance with the requirements of Supplemental Admiralty Rule F(1), "the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court." Supp. Admir. R. F(4). So, to adjudicate Plaintiffs' requests, the Court must determine if Plaintiffs have complied with the requirements set forth in § 30511(b) and Supplemental Admiralty Rule F(1).

> Section 30511(b) and Rule F(1) contain two requirements. First, a vessel owner must file a limitation action "within 6 months after a claimant gives the owner written notice of a claim." Second, the vessel owner must create a fund of money to benefit any potential claimants.

*Matter of Stoughton*, 2020 WL 2557332, at *1 (quoting 46 U.S.C. § 30511(b); Supp. Admir. R. F(3)). The amount of the fund must be "equal to the value of the owner's interest in the vessel and pending freight" as well as "security for costs and … for interest[.]" Supp. Admir. R. F(1). Pursuant to this District's Admiralty & Maritime Local Rules, "[t]he amount of security for costs under Fed. R. Civ. P. Supp. F(1) shall be $1,000 unless otherwise ordered, and may be combined with the security for value and interest." Admir. L.R. 5-1.

Plaintiffs filed their verified complaint on September 25, 2025. Plaintiffs allege that "McBride [] received invoices from multiple parties claiming sums due for services provided in the effort to salvage the Vessel in the days following the grounding." Compl. 1, ¶ 22. The *Emerald C* was allegedly grounded on March 26, 2025, such that any claims made in the days following the grounding fall within the 6-month time period. *See* Compl., ¶ 8. The first requirement is thus satisfied.

Plaintiffs' Ad Interim Stipulation sets forth that "the total value of Plaintiffs' interest in the and pending freight is zero dollars ($0.00)." Dkt. 3 at 2. This is supported by the Plaintiffs' verified allegation that "The EMERALD C was a total loss, and was broken up and hauled away to a landfill to be disposed of. Nothing of value was saved from the Vessel. There was no pending freight." Compl., ¶ 20. Thus, a $1,000 limitation fund shall satisfy the second requirement.

Accordingly, the Court **ORDERS** as follows:

1. The Court **APPROVES** a limitation fund in the amount of $1,000, pursuant to Plaintiffs' stipulation and the Admir. L.R. Such amount is subject to challenge by future parties or revision by the Court in the interests of justice.

2. Having found the requirements of Supp. Admir. R. F(1) to be satisfied, the Court **GRANTS** Plaintiffs' request for a notice of monition. Plaintiffs **SHALL** publish the notice of monition, attached to this order as Attachment A, in each of *The Monterey County Herald*, *The Carmel Pine Cone*, **and** *The Mercury News* once per week for four successive weeks beginning **no later than October 20, 2025**.

3. By the date Plaintiffs publish the second notice, Plaintiffs must mail a copy of the monition to every person known to have made any claim against Plaintiffs or Plaintiffs' property arising out of the March 26, 2025 grounding.

4. Pursuant to Supplemental Admiralty and Maritime Claims Rule F(3), the Court **TEMPORARILY RESTRAINS AND ENJOINS** further prosecution of any claim, action, or proceeding against Plaintiffs or Plaintiffs' property relating to the March 26, 2025 grounding until **March 20, 2026**. Once the final parties to this action are determined, if consent of such parties is received, the Court may permanently enjoin such prosecution.

**SO ORDERED.**

Dated: October 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

**Attachment A**

NOTICE IS HEREBY GIVEN, pursuant to 46 U.S.C. § 30505 and Federal Rule of Civil Procedure Supplemental Rule F, that Charles McBride and Mulroy Bay, LLC, owners of M/V EMERALD C, a 54 foot Ocean Alexander motor yacht, O/N 1237578, have filed a Complaint pursuant to 46 U.S.C. §§ 30501, *et seq.*, seeking exoneration from or limitation of liability for any claims arising out of the grounding and loss of the M/V EMERALD C on or about March 26, 2025, in Stillwater Cove, Monterey County, California

Any person, firm, entity, or corporation asserting claims with respect to the casualty involving the M/V EMERALD C must file their respective claims, under Case No. 25-cv-08179-SVK with the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113 within 30 days after this notice is last published or by December 20, 2025, whichever occurs later. Any claimant must also serve a copy of the claim on upon Plaintiffs' counsel, David R. Shane, 1000 Drakes Landing Road, Suite 200 Greenbrae, CA 94904.  Each claim must identify the name and address of the claimant, the facts on which the claimant relies in support of the claim, the date on which the claim accrued and the nature of the claimant's injury or damage. In addition, if the claimant contests the right of Charles McBride or Mulroy Bay, LLC, either or both of them, to exoneration from or limitation of liability, such claimant shall either (1) include such challenge in the claim or (2) file and serve an answer to the Complaint in the above-captioned case. The Court has TEMPORARILY RESTRAINED AND ENJOINED prosecution of any other action or proceeding against Charles McBride or Mulroy Bay, LLC or their property with respect to any claim subject to limitation in this action.

This notice has been APPROVED for publication and mailing pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure.